IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIA WAGNER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 3:16-cv-820-M-BF |
| FEDERAL NATIONAL MORTGAGE § | |
| a/k/a FANNIE MAC, DALLAS COUNTY, § | |
| TEXAS, and DESOTO CITY HALL, § | |
| TEXAS, § | |
| § | |
| Defendants. § | |

**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Federal National Mortgage Association a/k/a Fannie Mae ("Defendant") files this Brief in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully show as follows:

**I.
SUMMARY**

October 26, 2015, Plaintiff Tia Wagner ("Plaintiff"), borrower on a mortgage loan, filed *Plaintiff's Original Petition* in the 254th Judicial District Court for Dallas County, Texas (the "State Court Action"). The State Court Action was removed to this Court on March 23, 2016. [ECF Docket No. 1].

In her Original Petition (the "Petition") Plaintiff asserts claims for: (1) "show me the note"; (2) violations of the Deceptive Trade Practices Act; (3) violations of Fair Debt Collection Practices Act; (4) Declaratory Judgment; and (5) Injunctive Relief. (*See* generally, *Pl's Orig. Pet.*) As shown below all of her claims must be dismissed because they fail as a matter of law.

## II.
## STANDARD UNDER RULE 12(b)(6)

Under the Rule 12(b)(6) standard, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 667, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011). The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff's "Show me the Note" claim fails.

Defendant moves to dismiss Plaintiff's "show me the note" claim as a matter of law. The Fifth Circuit in *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), found that the "show-me-the-note" theory has no merit under Texas law. The Fifth Circuit noted that

Texas courts had "roundly rejected this theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note." *Id.* at 253. Applying this holding, Plaintiff's "show-me-the-note" claim should be dismissed under Rule 12(b)(6) for failure to state a claim.

### B. Plaintiff's DTPA claim fails.

Plaintiff's claim for Deceptive Trade Practices fails. First, Plaintiff cites, apparently, to the Louisiana Deceptive Trade Practices, which would clearly not apply to this case which concerns a mortgage loan on a Texas property. (*See* generally, *Pl's Orig. Pet., ¶1*); *Batman v. Cameron*, 413 F.2d 999, 1000 (5th Cir. 1969) (law where real property is located controls).[1]

Texas law clearly specifies that mortgage-borrowers are not "consumers" as required by the Texas Deceptive Trade Practices Act when their claims are only for the servicing of the mortgage loan. "[C]onsumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013). "A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Id.* at 725. Although Plaintiff alleges that she is a mortgagor, her DTPA claim is based not on the original loan but on whether Defendant has standing to pursue the foreclosure of the subject property. A complaint about a lender's purported standing to foreclose is not a complaint about a "good or service" as required by the Texas DTPA and thus Plaintiff lacks standing to bring her DTPA claim. *Chavez v. BAC Home Loans Servicing, LP,* No. 7:14-CV-036-DAE, 2015 U.S. Dist. LEXIS 67593 *15-

---

[1] Plaintiff in her Original Petition cites to "Revised Statutes: 51:1409". Upon doing some research, Defendant has learned that Louisiana's "Unfair Trade Practices and Consumer Protection Law" is located at Section 51:1409 of the Louisiana Revised Statutes.

16 (W.D. Tex. May 26, 2015) (holding that complaints about assignments of mortgage loan fail to provide a plaintiff with "consumer" status under the Texas DTPA as a matter of law).

### C. Plaintiff's FDCPA claim fails.

Plaintiff offers no specific factual allegations to support her claims under the FDCPA. (*See* generally, *Pl's Orig. Pet., ¶14*). She simply states that the FDCPA precludes "debt collectors" from making false or deceptive statements that may result in the arrest or seizure of property. *Id.* Plaintiff offers no allegations to indicate that Defendant is a "debt collector" as provided in the FDCPA or what false or deceptive statements Defendant supposedly made. *Id.* As Plaintiff failed to plead anything to support these requirements for an FDCPA claim, her FDCPA claim should be dismissed under Rule 12(b)(6). *Rollo v. Chase Home Fin. LLC*, No. H-12-29142013 U.S. Dist. LEXIS 49066 *12 (S.D. Tex. Apr. 4, 2013) (failure to plead facts supporting "debt collector" status or that defendant engaged in conduct in violation of the FDCPA).

### D. Plaintiff's Declaratory Judgment claim fails.

Plaintiff in her Declaratory Judgment claim asks the Court to declare that certain unspecified "statutes" and the FDCPA require Defendant to "show the note" before foreclosing. First, as indicated above, Defendant is not required to "show the note" before foreclosing. Second, a claim for declaratory judgment may not be used by a litigant to ask the Court for an advisory opinion of what the law may hold. *See California Bankers Ass'n v. Shultz*, 416 U.S. 21, 64 (U.S. 1974); See *Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (U.S. 1945) (advisory relief is unavailable through the declaratory judgment procedure). Therefore, Plaintiff's Declaratory Judgment claim fails and should be dismissed.

### E. Plaintiff is not entitled to injunctive relief.

A request for injunctive relief may only be granted if the plaintiff has a probable right of recovery. *See DTND Sierra Investments, LLC v. The Bank of New York Mellon Trust Co.*, 958 F. Supp. 2d 738, 2013 U.S. Dist. LEXIS 104792, at *31 (W.D. Tex. 2013). *See also AT&T Communs., Inc. v. City of Dallas*, 52 F.Supp.2d 756, 759 (N.D. Tex. 1998) (*citing Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir.1997)). Plaintiff has not stated a cause of action upon which it may recover, as detailed herein above. Accordingly, Plaintiff's request for injunctive relief cannot stand in light of the fact that no cognizable cause of action exists and no other valid remedy or relief is requested.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted, that each of Plaintiff's claims as set forth above and in her Original Petition be dismissed with prejudice, and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR FEDERAL
NATIONAL MORTGAGE ASSOCIATION
A/K/A FANNIE MAE**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was served in the manner indicated below on this 30th day of March, 2016, upon the following:

*Via Regular U.S. Mail*
Tia Wagner
515 Anglebluff Drive
Desoto, TX 75115

*Via ECF Notification*
Peter G. Smith
Braden W. Metcalf
Nichols, Jackson, Dillard, Hager & Smith, LLP
1800 Ross Tower
500 N. Akard St.
Dallas, TX 75201

             */s/ Mark D. Cronenwett*
             **MARK D. CRONENWETT**

DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE
MAE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)          Page 6